UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
SCOTT MYERS,

                    Petitioner.

        -against-

WARDEN OKADA,

                    Respondent.
-----------------------------------------------------------------x

MEMORANDUM AND ORDER

08-CV-1635 (ENV)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 1 5 2008
P.M.
TIME A.M.

[Sticky note: Scott Myers / 6000 Main Street. #3 / Tannevsville, NY / 12485-0409]

VITALIANO, D.J.

      Scott Myers, *pro se*, filed the instant petition for a writ of habeas corpus on April 1, 2008. On April 22, 2008, the Court issued an order directing the Attorney General of the State of New York or the District Attorney of Kings County to show cause why a writ of habeas corpus should not be issued, by the filing of a response to the petition on or before June 23, 2008. The Court further ordered that, "if the transcript of the trial is available . . . respondent shall submit such records to the Court at the time of filing its response." On June 26, 2008, the Court granted respondent an extension until July 14, 2008 to file its response. The June 26 order further provided that Myers shall file his reply, if any, on or before August 13, 2008.

      On July 14, 2008, respondent filed a timely motion to dismiss the petition for habeas corpus, on the grounds that this Court lacks subjec matter jurisdiction and for failure to exhaust state court remedies.

      The Court is now in receipt of a letter from Myers, dated July 23, 2008, indicating that he has not received from respondent a copy of the trial transcript, which, according to Myers, is necessary to properly respond to the order to show cause. Myers also sent a letter to the Court, dated August 13, 2008, requesting an extension of time, until August 27, 2008, to file

his opposition to the motion to dismiss.

Because the gravamen of respondent's motion to dismiss is that this Court lacks subject matter jurisdiction, the Court declines to order production of the trial transcripts at this time since it is not necessary for the purpose of answering the motion. Myers is now required only to file his opposition to the respondent's motion challenging the Court's jurisdiction and he is granted an extention of time to August 27, 2008 to do so. All other proceedings are stayed pending a resolution of that motion.

SO ORDERED.

Dated: Brooklyn, New York
August 15, 2008

ERIC N. VITALIANO
United States District Judge