UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SCOTT MYERS

        Petitioner     **MEMORANDUM AND ORDER**

  -against-           08-CV-1635 (ENV)

WARREN OKADA

        Respondent.
------------------------------------------------------------x

VITALIANO, D.J.

  Petitioner Scott Myers, proceeding *pro se*, filed a petition for a writ of habeas corpus on April 1, 2008. On July 14, 2008, respondent, Warren Okada, filed a timely motion to dismiss on the grounds that this Court lacks subject-matter jurisdiction and for failure to exhaust state court remedies. On September 30, 2008, this Court denied Mr. Myer's application for a writ of habeas corpus, finding that there was no merit to the petition.

  On October 2, 2008, Mr. Myers faxed a letter (dated by Myers as November 1, 2008) requesting that the Court review the denial of his habeas petition. A court is obliged to construe a *pro se*'s pleadings liberally and them as raising the strongest arguments they suggest. McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004) (citation omitted); see also Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006). Therefore, the Court treats petitioner's letter as a motion for reconsideration.

  Pursuant to Local Civil Rule 6.3, a party seeking reconsideration must "set forth concisely the matters or controlling decisions which counsel believes the court has overlooked." "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked– matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); see Equal Employment Opportunity Comm'n v. Federal Express Corp., 268 F. Supp. 2d 192, 195 (E.D.N.Y. 2003)

(holding that a motion for reconsideration "is to be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the court"). Motions for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided." Shrader, 70 F.3d at 257. Whether or not to grant such a motion "is within the sound discretion of the district court." Federal Express Corp., 268 F. Supp. 2d at 195.

Mr. Myers does not point to any controlling decisions or facts that the Court has overlooked, but rather reiterates the complaints submitted in his habeas petition. In the absence of any new, relevant facts or law, there is no basis for the Court to reconsider its prior decision. See Shrader, 70 F.3d at 257 ("[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided.").

Accordingly, the motion is denied. The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
      October 23, 2008

/S/
_____
ERIC N. VITALIANO
United States District Judge

2